IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. 4:20-CR-0374-RWS-BD-1 |
| | § | |
| TARIK JEROME ALEXANDER | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Tarik Jerome Alexander's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on April 22, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office. The Government was represented by Heather Rattan.

Defendant was sentenced on April 30, 2024, before The Honorable Robert W. Schroeder III of the Eastern District of Texas after pleading guilty to the offense of Possession of a Firearm by a Prohibited Person, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 14 and a criminal history category of IV, was 27 to 33 months. Defendant was subsequently sentenced to 30 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and acquiring a high school equivalency certificate. On October 18, 2024, Defendant completed his period of imprisonment and began service of the supervision term.

On March 25, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #88, Sealed). In its Petition to revoke, the Government alleges Defendant violated the following conditions:

Allegations (1)-(2) are dismissed.

3) <u>Mandatory Condition</u> Defendant must not unlawfully possess a controlled substance.

The Government alleges On December 16, 2024, Defendant was arrested by the Paris Police Department in Paris, Texas for Falsification of Drug Test Results, in violation of Texas Health and Safety Code § 481.133(b). According to the arrest report, Defendant was pulled over by a deputy with the Lamar County Sheriff's Office on a traffic stop. Officers with the Paris Police Department assisted the deputy as Defendant had outstanding warrants from Paris Municipal Court for unpaid [traffic] citations. A probable cause search was then conducted on the vehicle due to the vehicle emitting a strong odor of marijuana. During the search, Defendant was asked about the odor of marijuana emitting from the vehicle. He stated he smoked marijuana in his vehicle earlier in the day. While searching the vehicle, an officer with the Paris Police Department located a burnt marijuana cigarette and a plastic bottle of urine. The burnt cigarette was located in the ash tray attached to the dash. The bottle of urine was located in a backpack near the center console. The translucent bottle, which contained a temperature test strip fixated to the outside of the bottle, is commonly sold on the market to falsify drug tests. The burnt marijuana cigarette was disposed of at the Paris Police Department and the ammunition was placed in evidence. Defendant was later read his Miranda Warning and questioned about the bottle in his vehicle. He stated the urine was his and he was providing it to a friend in order for his friend to falsify a drug test result. On December 18, 2024, Defendant was released from Lamar County Jail in Paris, Texas on a $1,000 surety bond. On February 5, 2025, the charge was dismissed by Lamar County Court. As of this writing, no charges have been filed on this matter.

4) <u>Mandatory Condition</u> Defendant must not commit another federal, state or local crime.

5) <u>Special Condition</u> The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The

probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant must pay any cost associated with treatment and testing. With regard to conditions four and five, the Government alleges on March 7, 2025, Defendant reported for his random drug test at Texas and Oklahoma Occupational Medicine in Paris, Texas and was observed possessing/using a device to falsify drug test results in violation of Texas Health and Safety Code § 481.133, a Class B Misdemeanor. By trying to use this device, he was intentionally refusing to provide a urine specimen of his own and therefore, refusing to participate in the testing for substance abuse. The Government further alleges on March 10, 2025, Defendant reported to the U.S. Probation Office in Plano, Texas to discuss his conduct. He initially denied using a urine defeating device but admitted he smoked marijuana the day before he had to report for his random drug test. He later signed an admission form admitting he used a urine defeating device on March 7, 2025.

6) <u>Mandatory Condition</u> Defendant must refrain from any unlawful use of a controlled substance. Specifically the Government alleges on December 19, 2024, Defendant submitted a urine specimen at the U.S. Probation Office in Sherman, Texas which tested positive for marijuana. Upon questioning, he admitted verbally to smoking marijuana on December 18, 2024. The specimen was subsequently confirmed positive by Alere Toxicology. The Government further alleges on March 10, 2025, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, Texas which tested positive for marijuana. Upon questioning, he admitted verbally to smoking marijuana on March 6, 2025. The specimen was subsequently confirmed positive by Alere Toxicology.

7) <u>Standard Condition</u> Defendant must answer truthfully the questions asked by your probation officer. Specifically, the Government alleges on December 19, 2024, Defendant reported to the Sherman U.S. Probation Office and was questioned on information in the arrest report, specifically that his vehicle smelled of marijuana and that he admitted to officers he had smoked

3

marijuana earlier in the day. Defendant stated he had a friend in his vehicle who had been smoking marijuana. He denied he smoked marijuana or made that statement to officers. However, in reviewing body camera footage of the traffic stop provided by the Paris Police Department, Defendant was not truthful regarding statements he made to police. When informed by officers his vehicle smelled of marijuana, he was asked, "Did you smoke in the car recently" and he replied, "earlier in the day...it was way earlier. It was around 1 o'clock."

8) <u>Standard Condition</u> If Defendant is arrested or questioned by a law enforcement officer, he must notify the probation officer within 72 hours. Specifically, the Government alleges on March 21, 2025, Defendant was involved in a traffic stop by the Irving Police Department in Irving, Texas. He was issued a verbal warning. Defendant failed to notify the U.S. Probation Office of his contact with law enforcement.

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations three (3) through eight (8) in the Petition. The Government moved to dismiss allegations one (1) and two (2) of the Petition. Having considered the Petition and the plea of true to the allegations three (3) through eight (8), the court finds that Defendant did violate his conditions of supervised release. The parties also agreed on a proposed sentence of 11 months imprisonment, with 18 months supervision to follow. The undersigned agrees this sentence, which is within the guideline range, is appropriate.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of eleven (11) months, with a eighteen (18) month term of

supervised release to follow.

The Court further recommends that the following conditions be imposed: Defendant must report to the probation office in the federal judicial district where Defendant is authorized to reside within 72 hours of Defendant's release from imprisonment unless the probation officer instructs Defendant to report to a different probation officer or within a different time frame.

While on supervised release, Defendant must not commit another federal, state, or local crime. Defendant must not unlawfully possess a controlled substance. Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within fifteen (15) days of release from imprisonment and at least two other periodic drug tests, thereafter, as determined by the Court.

Defendant must comply with the standard conditions that have been adopted by the Court.

Additionally, the special conditions originally imposed by the Court are still relevant and are reimposed as follows:

Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. Defendant must pay any cost associated with treatment and testing.

Defendant must provide the probation officer with access to any requested financial information for purposes of monitoring your efforts to obtain and maintain lawful employment.

Defendant must acquire a high school equivalency certificate.

Finally, it is recommended that Defendant be housed in FCI – Seagoville.

SIGNED this the 23rd day of April, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE